Dear Mr. Wold,
Your opinion request has been forwarded to me for research and reply. You have requested an opinion from our office relative to the ownership of the Jackson Parish Ambulance Service District ("District"). Specifically, you have asked whether the Jackson Parish Policy Jury ("Police Jury") is legally and financially responsible for the District. You have also asked if the members of the District's Board of Commissioners would be financially and legally responsible if it is determined that the Policy Jury would not be legally and financially responsible.
In your opinion request, you provided our office with the following information. The District is in the process of resubmitting its Medicare application. The application specifically provides that:
 [i]f a Federal, State, country, city or other level of government [. . .] will be legally and financially responsible for Medicare payments received, the name of that government or Indian tribe should be reported as an owner. The supplier must submit a letter on the letterhead of the responsible government [. . .] that attests that the government or tribal organization will be legally and financially responsible in the event there is an outstanding debt owed to CMS. *Page 2 
The District requested that the Police Jury provide the District with a letter that stated the Police Jury was legally and financially responsible for the District. However, the Police Jury responded with a letter to Medicare Services dated May 19, 2008 which quoted the language provided in La.R.S. 33:9056 which states "[a]n ambulance service district created under the provisions of this Chapter shall constitute a body corporate in law with all the power and right to incur debt and contract obligations."
The Police Jury created the District by ordinance in 1998. The ordinance provided that the District was to be declared to be a political subdivision of the State and to have the powers of taxation, the power to incur debt and the power to issue general obligation revenue bonds, together will all other powers provided to it under Louisiana law. Additionally, the ordinance also provided that the District shall constitute a body corporate in law with all the powers and rights established by law. The ordinance mimics state laws on the subject, which also provide that an ambulance service district so created by a parish governing authority is by law "a body corporate in law with all the power and right to incur debts and contract obligations, to sue and be sued, and to do and perform any and all acts in its corporate capacity and its corporate name necessary and proper for the carrying out of the objects and purposes for which the ambulance service district was created." La.R.S. 33:9056; see also La.R.S. 33:9058 (district authority to sponsor tax referenda and to issue revenue bonds). Thus, it is the opinion of this office that by parish ordinance and by state statute the District is legally and financially responsible for itself.
You also asked if the members of the District's Board of Commissioners could be held personally liable for the District's obligations. Louisiana Revised Statutes 9:2792.4(B) provides that
 [a] person who serves as a member of a board, commission, or authority of a political subdivision [. . .], shall not be individually liable for any act or omission resulting in damage or injury, arising out of the exercise of his judgment in the formation and implementation of policy while acting as a member of a board, commission, or authority of that political subdivision, provided he was acting in good faith and within the scope of his official functions and duties, unless the damage or injury was caused by his willful or wanton misconduct.
Thus, it is the opinion of this office that a member of the District would not be financially or legally responsible for actions taken by the Board, unless the damage or injury was caused by his or her willful or wanton conduct.
Furthermore, you also asked whether the Police Jury could direct the Board of Commissioners on the daily operations of the District. The ordinance provides *Page 3 
that the District is "governed by a Board of Commissioners composed of five members, each of which shall be qualified voters of Jackson Parish and shall serve without compensation." The ordinance provides for the appointment of members to the Board of Commissioners. The Police Jury enacted the District by ordinance, thus, the Police Jury does have some control over the District to the extent that the Police Jury created the District. Furthermore, Article VI, Section 15 of the Louisiana Constitution of 1974 provides that, "[t]he governing authority of a local government subdivision shall have general power over any agency heretofore or hereafter created by it, including, without limitation, the power to abolish the agency and require prior approval of any charge or tax levied or bond issued by the agency."
It appears that this constitutional provision gives the Police Jury the power to abolish the District and the Police Jury would also have the authority to require approval by it of any charge or tax levied or bond issued by the District. See La. Atty. Gen. Op No. 91-0027. However, the ordinance provides that the District is a political subdivision of the State and has the powers of taxation, the power to incur debt, and the power to issue general obligation revenue bonds. Additionally, the ordinance also states that the "Board of Commissioners shall have all the authority provided to them under law and particularly under La.R.S.33:9057(B)." This independence of the District is also found in the governing state statutes. See La.R.S. 33:9056(B) (district board of commissioners independent authority to conduct business and operations of the district); and La.R.S. 33:9057 (district authority to hire director and staff). Thus, all other decisions in the management, operation, and control of the District are solely entrusted by parish ordinance and state statute to the Board of Commissioners of the District. See La. Atty. Gen. Op. No. 91-0027. Thus, the Board of Commissioners and the staff of the District have control over daily operations.
We hope this sufficiently answers your inquiry. If we can be of further assistance, please do not hesitate to contact us.
 With Best Regards,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY:__________________________
 Cherie A. Lato
 Assistant Attorney General
 JDC:CAL